## McKAY et al. v. LUCAS et ux. (No. 1619.)

(Court of Civil Appeals of Texas. Amarillo. March 3, 1920.)

1. **Appeal and error ⬥⟿497(1) — Assignment not filed in lower court cannot be considered.**

A ground set out in assignment of error in appellant's brief, which does not appear in the record as one having been filed in the court below, cannot be considered.

2. **Mines and minerals ⬥⟿58—One dollar sufficient consideration for oil lease.**

Lessee's payment to lessor of $1 *held* a sufficient consideration to support oil lease.

3. **Appeal and error ⬥⟿742(2)—Multifarious assignment not considered as proposition.**

A multifarious assignment of error cannot be considered as a proposition.

4. **Appeal and error ⬥⟿759 — Assignment in brief, not copy of assignment in record, not considered.**

Assignment of error in appellant's brief cannot be considered, where not a copy of any assignment found in the record.

5. **Appeal and error ⬥⟿757(3)—Assignment should not contain conclusions as to what evidence shows.**

When a statement is made of the evidence in assignment of error in appellant's brief, the brief should set out the evidence quoted from the statement of facts, and not the conclusions of the attorney as to what the evidence shows; such conclusions being a matter for the court to decide.

6. **Mines and minerals ⬥⟿74—Oil lease not canceled as to innocent purchasers.**

Oil lease, where sufficient to transfer interest in land, and therefore assignable, will not be canceled as to innocent purchasers, who paid a valuable consideration for the lease without notice of any infirmity.

7. **Appeal and error ⬥⟿736—Multifarious assignment not considered.**

A multifarious assignment of error will not be considered.

8. **Appeal and error ⬥⟿1175(5)—On reversing judgment canceling lease on homestead, court will remand, where there is doubt as to whether wife signed.**

In lessor's action to cancel oil lease, where lower court found that the lease was executed by the husband alone and was a homestead, and where there were no pleadings setting up forgery, and no sufficient evidence to impeach the instrument, which appears to have been duly signed and acknowledged by both husband and wife, appellate court, in reversing judgment canceling the lease, will not render judgment for defendants, but will remand case.

Appeal from District Court, Clay County; Wm. N. Bonner, Judge.

Action by W. H. Lucas and wife against L. McKay, in which W. A. Scott and W. K. Whipple appeared and were made defendants. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Wood & Wood, of Dallas, and Stine & Stine, of Henrietta, for appellants.

Taylor, Allen & Taylor, Wantland & Dickey, and L. W. Parrish, all of Henrietta, for appellees.

HALL, J. Eight cases, from the district court of Clay county, of which this is one, were submitted to this court on February 18th, in which L. McKay appears as appellant. The petition in this case alleges in substance that on or about the 2d day of April, 1918, plaintiff W. H. Lucas executed and delivered to appellant what purported to be an oil and gas lease on a certain tract of land in Clay county, said land being the homestead of plaintiffs, and they being in possession thereof, occupying the same as their homestead; that said purported lease is not in fact an oil and gas lease, but is only an option and unilateral contract, in no way binding upon the lessee or his assigns. It alleges further:

"(4) The said purported lease provides as follows: 'Grantee has the right to begin operations at any time before the expiration of twelve months from January 1, 1918, and also the right to extensions of time in which to begin operation for successive periods of twelve months, on conditions that said lessee shall, on or before the first day of each respective twelve months period, pay to W. H. Lucas, or deposit to his credit in the W. B. Worsham & Co. Bank of Henrietta, $———: Provided that such payments shall not be made on or before the first day of each such respective twelve months period, then and on such default this lease shall wholly determine; and provided, further, that these periods in which the right may be acquired to begin the operation of drilling a well in search of oil or gas, shall not exceed in the aggregate five years from January 1, 1919, and if operations shall not be begun on or before the expiration of said five years from January 1, 1918, then this lease shall wholly determine."

It is further alleged that no consideration was paid for said lease, that defendant had never done anything whatever toward carrying out the purposes of the same in the way

of developing the land for minerals, and that defendants are not bound by the terms of said lease to carry out any of the provisions thereof, but have the right to wholly abandon same at any time they desire to do so; that the lease has been recorded in Clay county, and is a cloud and incumbrance upon plaintiff's title; that S. L. Lucas, the wife of plaintiff, W. H. Lucas, did not sign said purported lease, nor acknowledge the same, and was not a party to the said lease, notwithstanding the said land was community property and the homestead of plaintiffs, occupied by them as such at the time of the execution of said lease. The prayer is for citation, for judgment canceling the lease, costs, and general relief.

The lease was not made an exhibit to the petition, but we find this order in the record:

"W. H. Lucas, Plaintiff, v. L. M. McKay, Defendant. No. 4249. May 6, 1919. This cause coming up on the application of the defendant for a ruling upon the exceptions, it is agreed by plaintiff and ordered by the court that so far as the consideration of the defendant's demurrers herein goes that the entire consideration sought to be canceled in this application may be considered a part of the plaintiff's petition, without a formal attachment thereto by exhibit, and that this order shall go to each of the cases hereinafter numbered, as follows: 4246, 4270, 4271, 4272, 4273, 4289, 4296, 4269."

We will presume that this order was intended to make the contract, which forms the basis of the suit, an exhibit to the petition, since we find in the record an instrument which, omitting unimportant stipulations, is as follows:

"Know all men by these presents, that I, W. H. Lucas, of Clay county, Texas, the party of the first part, in consideration of the sum of one dollar paid by L. McKay, of Dallas county, Texas, party of the second part, the receipt of which is hereby acknowledged, and the further consideration hereinafter mentioned, have bargained, granted, sold, and conveyed, and by these presents grant, bargain, sell, and convey, unto the party of the second part, his heirs and assigns, all the oil, gas, coal, and other minerals in and under the following described land, together with the right of ingress and egress, at all times, for the purpose of drilling, mining, and operating for minerals, and to conduct all operations and to lay all pipe necessary for the production, mining, and transportation of the oil, gas, water, coal, or other minerals, with the right to use sufficient water, gas, or coal to operate said property, and shall have the right to remove all machinery, fixtures, and improvements placed thereon at any time, reserving, however, to the party of the first part the equal one-eighth of all oil produced and saved upon said premises, to be delivered in the pipe line to the credit of the party of the first part, free of charge. If coal is found, the party of the second part agrees to pay to the first party four cents per ton for every ton of the same that is mined and marketed. * * * To have and to hold the above-described premises unto the said party of the second part, his heirs and assigns, on the following conditions: In case operations for either drilling or a well for oil, gas, mining, or other minerals are not commenced and prosecuted with due diligence within twelve months from this date, then this shall immediately become null and void as to both parties: Provided, that second party may prevent such forfeiture from year to year by paying to the first party the sum of $16 per year, until such well is commenced, or until shipments from such mines have begun, and it is agreed that the completion of a well shall operate as a full liquidation of all rental under this provision during the remainder of the term of this lease, which payment can be made at Merchants' & Planters' Bank of Henrietta, Texas, or payable direct to party of first part. In case the party of the second part should bore and discover either water, oil, gas, coal, or other minerals, then in that event this grant, incumbrance, or conveyance shall be in full force and effect for twenty-five years from the time of the discovery of said product, and as much longer as oil, water, gas, coal, or other minerals can be produced in paying quantities thereon. * * * This grant is not intended as a mere franchise, but is intended as a conveyance of the property above described for the purpose herein mentioned, and it is so understood by both parties to this agreement. The party of the second part may at any time execute an instrument admitting and declaring this contract canceled, and upon the delivery of the same to the party of the first part, or upon the filing of same for record, this contract and all liabilities and payments under it from and after such date shall cease and determine. * * * It is understood between the parties to this agreement that all conditions between the parties hereto shall extend to their heirs, executors, administrators and assigns. Witness our hands this the 2d day of April, 1918."

This instrument purports to be signed by W. H. Lucas and his wife, S. L. Lucas, and duly acknowledged the same day, as appears from the officer's certificate. There appears in the record an instrument designated "Defendant's General Demurrer," filed April 22, 1919; also, a separate instrument, filed the same day, designated "Defendant's Exceptions to Plaintiff's Petition." The second instrument excepts to the petition because it does not set out a copy of the lease. There appears still a third instrument, filed the same day and styled "Defendant's Answer," which appears first in the transcript. It contains a general denial and admission of the execution of the lease by plaintiffs, and that defendant resides in Dallas county. It specially denies the allegation that the lease was not legally executed, and that the same was not a valid and legal instrument when executed, and that it has any legal force and effect. The answer further specifically denies the allegation that there was no consideration for the lease, and that it injures and depreciates the market value of the land, and admits that defendant has

the lease and offers to produce it at the trial. W. A. Scott and W. K. Whipple, who are not mentioned in any way in the plaintiffs' pleadings, filed an answer, adopting the exceptions of McKay. They also adopt the answer of McKay, and allege in addition that—

"Prior to the commencement of this action, to wit, on the —— day of March, 1919, for a valuable consideration, and without any notice of any equities which might exist between the plaintiffs and the lessee named in said lease and the defendant herein, L. McKay, they bought from said McKay an undivided one-half interest in said leasehold title under said lease upon said lands; that thereafter, to wit, on the 14th day of March, 1919, said McKay, in form of law, duly assigned to these answering defendants an undivided one-half interest in all of the leasehold rights aforesaid; that these answering defendants herein are to all intents and purposes innocent purchasers in good faith, for value, without notice, and they accepted the terms, covenants, and acknowledgments recited in said lease as true and in full faith and credit."

These pleadings are all signed by attorneys other than the counsel who signed the brief. The court filed findings and conclusions:

That on the 2d day of April, 1918, plaintiff Lucas executed an oil and gas lease or option on the land described in the petition.

"(2) I find that said lease provides as follows: Grantee has the right to begin operations at any time before the expiration of twelve months from January 1, 1918, and also the right to extensions of time in which to begin such operations for successive periods of twelve months, on condition that said lessee shall on or before the first day of each respective twelve months period, pay to W. H. Lucas, or deposit to his credit in the W. B. Worsham & Co. Bank at Henrietta, Texas, $——: Provided that, if such payment shall not be made on or before the first day of each such respective twelve months period, then and on such default this lease shall wholly determine; and provided, further, that these successive periods in which the right may be acquired to begin the operation of drilling a well in search of oil or gas shall not exceed in the aggregate five years from January 1, 1918, and if such operations shall not be begun on or before the expiration of said five years from January 1, 1918, then this lease shall wholly determine.

"(3) I find that no consideration was paid for said lease, and that there was no agreement or understanding that anything should be paid for the same.

"(4) I find that the said land upon which the said lease or option was so given was the homestead of W. H. Lucas and his wife, S. L. Lucas, at the time said lease was executed, and that they were then occupying it as their homestead, and have ever since so occupied said land, and I find that W. H. Lucas only executed said lease or option, and that his wife did not join in the execution of said lease.

"Conclusions of Law.

"(1) I conclude that said lease is invalid, because the same was executed by the husband alone, and the land so attempted to be leased was the homestead of the plaintiffs W. H. Lucas and wife, S. L. Lucas. I conclude that said lease is invalid because it leaves the lessee the option to develop said land for oil, gas, and other minerals, or to abandon the same at any time he may choose to do so. There was no consideration paid the lessee for said option."

From a judgment canceling the lease, McKay, Scott, and Whipple appeal.

[1] The first assignment of error in the brief, purporting to be a copy of the thirteenth assignment in the transcript, is not a copy of such assignment, nor of any other assignment found in the record. The assignment submits three distinct questions, and is followed by two propositions, neither of which have any bearing whatever upon either of the questions presented in the assignment. The third proposition is based upon the first ground set out in the assignment; but, as this ground does not appear in the record as one having been filed in the court below, it, of course, cannot be considered.

[2] The second assignment is:

"The court erred in his finding of fact that no consideration was paid by defendant to plaintiffs for said lease, because the evidence shows a binding promise by the defendant to pay plaintiffs the sum of $1, and that the same was paid as a consideration for said lease at the time of its execution, and that the sum of $16 was paid by defendant to plaintiffs in March, 1918, as a consideration for holding said contract valid for a period of twelve months from the 2d day of April, 1919; said money being deposited in said bank to plaintiffs' credit as provided in said contract, and other binding and valid promises were made by defendant, and that said contract was a valid and binding contract."

It is not true, as asserted in the first part of this assignment, that the evidence shows a binding promise by defendant to pay plaintiffs the sum of $1; but the lease recites the payment of said sum, and is, we think, a sufficient consideration to support the lease. This point has been fully discussed in the companion case of McKay v. W. T. Tally and wife, 220 S. W. 167, this day decided by this court, and we will not discuss it again in connection with this case. The statement in the assignment that the sum of $16 was paid in March, 1918, as a consideration for holding the contract valid for a period of 12 months from the 2d day of April, 1919, is contradicted by the record. As will be seen by reference to the contract, supra, appellants agreed to make the deposit in the Merchants' & Planters' Bank of Henrietta. The record shows that it was deposited in the Worsham Bank at Henrietta.

[3] By the third assignment it is asserted that the court erred in concluding as a matter of law that the contract was unilateral, and without consideration, because the $1 recited in the contract as paid was a valid and binding consideration, together with the other promises therein contained; and it is further asserted that the—

"court further erred in said conclusions of law, because, if the original consideration was insufficient to bind them, and said original contract was unilateral, yet when defendant paid to plaintiffs' agent said $16, and deposited said money in said W. B. Worsham & Co. Bank for the extension of time to begin drilling, then said contract was no longer unilateral, but became mutual, was fully performed on the part of defendant, and was then a valid and binding contract. This assignment may be treated as a proposition."

As before stated, the contract provides that the money should be deposited in the Merchants' & Planters' Bank. This assignment is multifarious, and cannot be considered as a proposition, and the statement following it is not sustained by the record.

The fourth assignment is as follows:

"The judgment of the court is against the law and the evidence in this: That by the terms of the contract canceled by this judgment, it was agreed, in consideration of $1, defendants should have the right to the 2d day of April, 1919, to begin drilling and operating for oil products; that defendants must either begin to drill within 12 months or must deposit to plaintiffs' credit in the Merchants' & Planters' Bank of Henrietta the sum of $16; that the only condition upon which defendant had the right to cancel said lease without plaintiffs' consent before the expiration of the five years, during which the lease should remain in force, was by drilling and finding oil, in which event he could, with or without the consent of plaintiffs, by the right to surrender said lease by paying to plaintiffs $100. The undisputed evidence shows that in March, 1919, defendant paid to plaintiffs, by depositing to their credit in the Merchants' & Planters' Bank of Henrietta, the sum of $16, for the purpose of extending the time of his right to drill for the ensuing year, and the same was received by the plaintiffs at said bank without any notice to defendant that plaintiffs desired to repudiate said contract. Said contract was therefore upon adequate consideration and was a valid and binding contract, and the court erred in rendering judgment canceling it."

But for the fact that this assignment recites the correct date of the contract, and correctly names the Merchants' & Planters' Bank as the depository, we would be forced to conclude that it was intended as an assignment in some other case. Reference to the contract set out in part above shows that there is no provision for canceling the lease at the expiration of five years, or any other time, upon paying the sum of $100, or any other sum. The undisputed evidence does not show that the $16 was deposited in the Merchants' & Planters' Bank of Henrietta, but does show that it was deposited in the Worsham Bank.

It is asserted by the fifth assignment that the judgment is erroneous, because the undisputed facts show that the defendant tendered the amount agreed to be paid for the first year which was accepted by the plaintiffs, thereby ratifying the lease; and the sixth assignment is that the court erred in his conclusion of law that the instrument was invalid and rendering judgment against all the defendants canceling the same, because Scott and Whipple were innocent purchasers for value.

[4-6] The seventh assignment is:

"The court erred in finding the lease void and canceling the same as to defendants Scott and Whipple, for the reason that there is no allegation in plaintiffs' petition upon which to base such judgment and such judgment of canceling the same is not supported by the pleadings in this case."

The only statement or proposition under the fifth assignment is:

"See third proposition, statement, and authorities under first assignment."

Since the first assignment cannot be considered, because not a copy of any assignment found in the record, we cannot consider the fifth. The sixth and seventh assignments are presented together, followed by this proposition:

"Cancellation of a written instrument will not be enforced, where the rights of innocent third parties have intervened."

The statement is as follows:

"See answer of Scott and Whipple (Tr. pp. 8, 9). See testimony of Scott (S. of F. pp. 14–16), which show conclusively that Scott and Whipple were innocent purchasers for a valuable consideration."

The rules require that, when a statement is made of the evidence, the brief should set out the evidence quoted from the statement of facts, and not the conclusion of the attorney as to what the evidence shows. That is a matter for this court to decide. We have, however, read the statement of facts, and, while the assignments are not properly briefed, we have concluded to sustain them. As held by the Supreme Court in the case of Texas Company v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989, the lease is sufficient to transfer an interest in the land, and is therefore such an estate as may be assigned. Since the uncontradicted evidence is that Scott and Whipple paid a valuable consideration for the lease, without notice of any infirmity in it, we will sustain this contention.

[7] The eighth assignment, like most of the others in the brief, is multifarious, and will not be considered.

The ninth assignment is that the court erred in the second finding of fact. This assignment must be sustained. That part of the findings was evidently based upon some contract dated January 1, 1918, providing that payments might be made into the Worsham Bank, and limiting the right to drill within five years from January 1, 1918. The lease in question certainly contains no such stipulation, and since the court's conclusions of law were based in part upon such finding, it will require a reversal of the judgment.

The tenth assignment is not followed by such statement as entitles it to consideration. For a statement we are referred to that under the first assignment, which has no application whatever to the errors attempted to be urged by the tenth assignment.

The eleventh and twelfth assignments complain of the court's holding that the contract is unilateral. Without discussing the question further in this case, we sustain these assignments.

[8] The thirteenth, fourteenth, and fifteenth assignments are disposed of by what has heretofore been said. The court having found as a fact, and concluded as a matter of law, that the lease was executed by the husband alone, and was of a homestead, and there being no pleadings setting up forgery, and no sufficient evidence to impeach the instrument, which appears to have been duly signed and acknowledged by both Lucas and wife, the judgment cannot be rendered for appellants here.

For the reasons stated, the judgment is reversed and remanded.