## YOUNG v. SCHAFF.   (No. 11423.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 20, 1926.)

1. Carriers ☞266—Woman, voluntarily riding in baggage car to accompany her sick husband, held not entitled to damages because of exposures to public gaze or injuries in entering car nor because of failure to furnish seat.

Woman voluntarily riding in baggage car to accompany her sick husband, held not entitled to damages because of exposure to public gaze or injuries in entering car without assistance of railroad employés, nor because she was not furnished a seat.

2. Carriers ☞266—Railroad, being required by statute to accept corpse for transportation was not liable for resulting illness and mental anguish of woman riding in baggage car with sick husband (Vernon's Sayles' Ann. Civ. St. 1914, arts. 6553, 6554).

Railroad, being required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 6553, 6554, to accept corpse for transportation, was not liable for resulting illness and mental anguish of woman riding in baggage car with sick husband.

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Action by Mrs. Mattie Young against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

Owsley & Owsley, of Denton, and M. L. Hankins, of Shawnee, Okl., for appellant. Garnett & Garnett, of Gainesville, for appellee.

CONNER, C. J. This suit was instituted by Mrs. Mattie Young against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas, to recover damages alleged to have been sustained by her under substantially the following circumstances: On the 28th day of December, 1920, her husband, Monroe Young, was in the city of Denton dangerously sick, and his physician advised that he be carried to Dallas for treatment. She paid for tickets for herself, her husband, the attending physician, and a nurse. Her husband was in such a condition that he could not be carried in the regular passenger coach, and was placed on a cot in a baggage car. A permit therefor having been obtained, the plaintiff, attending physician, and trained nurse also took passage in the baggage car. She alleged and testified, in substance, that she was fleshy, and that the baggage car was on a level with her chin; and that the employés of the defendant company failed to render her any assistance in entering the car, and that she was compelled to climb into it, and was thereby embarrassed and humiliated, that no seat was furnished her in the baggage car, and that she was compelled to sit on the floor. She further alleged and testified, in substance, that when the train reached Lewisville, an intermediate station some 25 miles from Dallas, the employés of the defendant company placed in said baggage car only a few feet from plaintiff and her husband a box containing a corpse, with nothing to screen the same from view, and that she was compelled to ride in said car from Lewisville to Dallas in the immediate presence of such dead body; that when the train reached Dallas no assistance was rendered her in alighting from the

car, and that she and her husband were kept on the platform, exposed to the weather, some 10 or 15 minutes until an ambulance could be procured to carry her husband to a sanitarium; that, by reason of her being compelled to climb into the car, exposed to the gaze of the public, and by reason of the presence of the dead body in the car, she was caused to become greatly excited and nervous and made sick and suffered great mental anguish and physical pain; and that, by reason of such circumstances, her health was greatly impaired, and that she continued to remain sick and confined to her bed for several weeks, and continued to suffer for a long time thereafter, and her health was permanently impaired, for which she prayed for damages in the sum of $15,000.

The defendant answered by a general denial, and specially pleaded that there was no way of carrying plaintiff's husband except in the baggage car; that plaintiff procured a permit for the physician and nurse to ride therein with him, and that she entered the baggage car of her own free will; that at Lewisville the corpse was tendered for shipment, and defendant as a common carrier was forced to accept it and transport it in the baggage car, which was the only one available; that the defendant had two passenger coaches on the train on which she could have ridden, but that she voluntarily entered the baggage car with her husband, and the corpse was received without any protest on her part.

At the conclusion of the evidence the court gave a peremptory instruction for the defendant, and, upon a verdict rendered in accordance with that instruction, judgment was rendered in defendant's favor, from which plaintiff has appealed and assigns error to the instruction referred to.

We have carefully considered the record, the briefs of counsel, and the entire statement of facts, and have concluded that no reversible error has been shown. It is undisputed that the appellant voluntarily took passage in the baggage car rather than in one of the attached coaches, that she was assisted in entering the car by a relative shown to be amply able to render such assistance, and there is no evidence that the plaintiff from exposure or otherwise suffered embarrassment. No seats for passengers were provided in the baggage car, but both the baggage master and attending nurse testified that plaintiff was furnished a trunk to sit on, though this plaintiff denied. The attending physician was shown to be dead and did not testify. The nurse testified that prior to their arrival at Lewisville appellant's husband had been given a hypodermic to relieve his pain and keep him quiet, and that upon their arrival at Lewisville and continuously thereafter until their arrival at Dallas, he was unconscious. As to this, however, appellant testified that he was conscious at

Lewisville, and, upon the loading of the box containing the corpse in the baggage car, her husband became excited and endeavored to throw himself off of the cot. There is no evidence, however, that the sick husband complained at the presence of the corpse or made any expression indicating that he knew the box contained a corpse. It is undisputed that prior to taking passage at Denton the attending physician telegraphed the sanitarium at Dallas to have an ambulance at the station to receive the sick man. There is nothing in the evidence indicating that in unloading the cot and sick man at Dallas there was any want of care on the part of appellee's servants; he was placed upon a truck and remained thereon a short time, presumably waiting on the ambulance until he was wheeled and placed in the ambulance and taken to the sanitarium, where he died in a few days.

The circumstances thus complained of occurred on the 28th day of December, 1920, and this suit was instituted on July 8, 1922, some 18 months later. The only complaint made in the original petition was that the corpse was loaded in the baggage car at Lewisville and carried to Dallas within a few feet of where appellant's husband was lying on a cot. At Denton, prior to taking passage to Dallas, H. M. Young, a relative of appellant, and Vera Hill, the attending nurse, secured in behalf of appellant a written permit for carrying appellant's sick husband in the baggage car. This permit recited:

"That the baggage car is not regularly fitted for the transportation of passengers, and that the hazard of damage or injury is greater than when traveling in a regular passenger car, and that, in consideration of this permission, they personally assume the greater risk or hazard of damage or injury consequent to traveling in such baggage car."

[1] The appellant while testifying acknowledged that, while she had never ridden in a baggage car before, she knew that such car was not provided for the purpose of carrying passengers, and, as it seems to us, she has no real cause of complaint on the ground that she was exposed or injured in any way in entering the car or because she was not furnished a seat therein. As stated before, the baggage master and nurse testified that she was furnished a trunk upon which to sit; this appellant denied, and declared that she sat upon the floor, but, if so, we find no actionable damage arising therefrom. It has been more than once decided that one riding in a freight car consents to the usual incidents attending transportation therein. See Mullen v. G. H. & S. A. Ry. Co. (Tex. Civ. App.) 92 S. W. 1002; Lewis v. Railway Co. (Tex. Civ. App.) 124 S. W. 1007; Ft. W. & D. C. Ry. Co. v. Hawley (Tex. Civ. App.) 235 S. W. 662.

[2] Certainly there can be no cause of complaint of the mere fact that a box containing

the body of a dead person was placed in the car at Lewisville. The railway company was required by statute to accept the corpse for transportation, and a refusal would have subjected the company to a suit for damages. Vernon's Sayles' Ann. Civ. St. 1914, arts. 6553 and 6554; H. & T. C. Ry. Co. v. Smith, 63 Tex. 322; Railway Co. v. Blank (Tex. Civ. App.) 247 S. W. 314. There is nothing in the evidence indicating that the corpse was not in a shipable condition, and it is clear in the proof that it was placed in that compartment of the car provided for such baggage and on the opposite side of the car from the cot on which plaintiff's husband was lying, with some three or four feet of space between in which either the nurse, doctor or appellant remained in order to keep the sick man on the cot.

For the reasons indicated, the judgment of the trial court is affirmed.