BRIGMAN et al. v. HOLT & BOWERS.
No. 3450.

Court of Civil Appeals of Texas. Amarillo.
Oct. 8, 1930.

Rehearing Denied Nov. 5, 1930.

Will Crow, of Canadian, for appellants.
Sanders & Scott, of Amarillo, for appellees.

HALL, C. J.

The appellant Mrs. Romie Brigman filed this suit for herself and as next friend for

her minor children, against D. E. Holt and Robert Bowers, a firm, to recover $25,000 actual damages for the death of Robert P. Brigman, the husband of Mrs. Romie Brigman.

The substance of the petition is that the husband was an automobile mechanic, and while employed by Holt & Bowers in their garage in the town of Wheeler, and while he was lying upon his back under a truck which he was repairing, he was electrocuted by a current from the defectively insulated wire of a "trouble light" which he was handling in his work.

The plaintiffs allege that, at the time of his death, he was working for and in the employment of the defendants in the mechanical department of their garage on said date and on the particular occasion was working for the defendants in repairing an auto truck for one of defendants' customers, which work was in the course of his employment. The specific negligence set up in the petition is that the electric wiring of the garage was defective, dangerous, and in an unsafe condition, that the transformer and fuse or fuse blocks or other safety appliances installed near the defendants' garage, and the light with which the deceased was working, were bad and out of repair and were insufficient to prevent an excessive flow of a current of electricity into the light wire which he was using. That defendants were further negligent in not employing a competent and prudent man to inspect the wiring of their building where Brigman was working at the time of his death. That defendants breached their duty in failing to so have their building wired that the wires would not become grounded and cause an excessive and dangerous flow of current into the building. That defendants were negligent in not providing fuse blocks which would prevent an excessive current.

The defendants answered by numerous exceptions, general denial, and specially alleged that Brigman was guilty of contributory negligence, in that during several months prior to the time of his death he had "received stings or electric shocks from the light cord extension which he was using at the time of his death." That he had full knowledge of the condition of the light cord and failed and refused to inform the defendants of its condition or to properly tape and insulate said cord before using it. That he was further guilty of contributory negligence in that he was working under the truck about noon of August 14th, when the weather was excessively hot and sultry and when his clothing was wet with perspiration and in lying upon the cement floor of the garage greatly increased the hazard and danger, and that he negligently took hold of the electric cord at a place where the insulation was broken and worn, and plaintiffs are therefore not entitled to recover.

A jury was impaneled, but, when both sides closed in the introduction of testimony, the trial court directed a verdict for the defendants. From a judgment entered in accordance with the verdict, Mrs. Brigman and her children prosecute this appeal.

The first proposition submitted is to the effect that, where the evidence raised the issue as to whether the relation of masters and servant, or employers and independent contractor, existed, as in this case, the court erred in instructing a verdict.

■ We have read the statement of facts, and in our opinion the relation which Brigman sustained to the defendants is by no means made clear, and we are inclined to think that it fails to establish the relationship of masters and servant. This proposition, however, is not entitled to consideration.

In the statement which follows it, the conclusion of counsel as to what the evidence shows is stated, rather than the evidence itself. This is improper briefing. Court of Civil Appeals Rule 31 requires that a clear and accurate statement of the record bearing upon the respective propositions shall be made with references to the pages of the record. The statement in the brief is "the testimony showed," and then counsel proceeds to give his version of what the witnesses have said, instead of quoting the witnesses' testimony verbatim from the record. In McKay v. Lucas, 220 S. W. 172, 175, in referring to a similar brief, this court said: "The rules require that, when a statement is made of the evidence, the brief should set out the evidence quoted from the statement of facts, and not the conclusion of the attorney as to what the evidence shows. That is a matter for this court to decide."

The appellees challenge appellants' statement as to what the evidence is bearing upon this proposition, and we find upon inspection that the appellees are correct, and that conclusions drawn by appellants are not sustained by the record. In K. C., M. & O. Ry. Co. v. Whittington & Sweeney, 153 S. W. 689, this court said that a statement which was not made faithfully with reference to the whole of the record bearing upon a proposition was not entitled to consideration, and what was said there applies to the instant case, and because this proposition is not briefed, and this court is not required to go to the statement of facts and settle disputes between counsel as to the correctness of statements, we decline to consider the first proposition. Powell v. Archer County (Tex. Civ. App.) 198 S. W. 1037.

■ The appellants insist that, even if the evidence did not establish the relation of masters and servant, it did show the relation of employers and independent contractor, and, if Brigman was an independent contractor,

plaintiffs would nevertheless be entitled to recover under the evidence.

We cannot consent to this contention. The plaintiffs' pleadings clearly and definitely declared that the relation which existed was that of masters and servant, and seek to recover only in the event Brigman was a servant. The case having been tried upon that theory below, the rights of the plaintiffs must be determined upon the same ground in this court. Rockhold v. Lucky Tiger Oil Co. (Tex. Civ. App.) 4 S.W.(2d) 1046; P. & S. F. Ry. Co. v. Vaughn (Tex. Civ. App.) 191 S. W. 142.

■ A sufficient reply to this and the second proposition, contending that Brigman was an independent contractor and appellants entitled to recover upon that theory, is that the evidence fails to show what the relation was between Brigman and appellees, and the burden rests upon appellants to establish that fact. In our opinion, the evidence does show that he was neither a servant nor an independent contractor.

Trout is the only man who testified upon this issue. He stated that Brigman was working on a commission, and further said by way of explanation that, out of every $1 which he collected for Brigman, he paid the defendants 25 cents and Brigman the balance of 75 cents. He gave it as his opinion that Brigman was working on a commission, which, of course, cannot be true as a matter of law. It appears from Trout's testimony that defendants had a small office cut off in the front part of the building, and that Trout worked for them, keeping books, selling tires and accessories; that he collected for both Brigman and the defendants, dividing the amounts collected upon the accounts turned in to him by Brigman, giving Brigman 75 per cent. and defendants 25 per cent. He said he had no authority whatever over Brigman, that the latter was his absolute and sole manager, and that he controlled the back part of the building where his workshop was. He did state that the way the rent was collected from Brigman was the 25 per cent. of the earnings of the shop.

This testimony would seem to indicate that the parties were, in a certain sense, partners in the proceeds received by Brigman, or that the latter was' running an independent business, paying his rent with 25 per cent. of his earnings.

■■ A contractor is one who in pursuit of an independent business undertakes to do specific jobs of work for other persons without submitting himself to their control with respect to all petty details of the work. An independent contractor is one who renders service in the course of his occupation representing the will of his employer only as to the result of his work and not as to the means by which it is accomplished. The evidence fails

to show that Brigman worked for the defendants, but does show he worked for his customers, and that neither Newt Trout, defendants' bookkeeper, nor either of the defendants, ever exercised any authority over Brigman or supervised his work.

■ The appellants further insist that the court erred in directing a verdict against them, for the reason that the evidence showed that they were entitled to recover under the doctrine of res ipsa loquitur. As stated above in this opinion, the appellants sought to recover alleging specific acts of negligence.

The Commission of Appeals, speaking through Judge German, said:

"Where specific acts of negligence are alleged as the cause of the accident, the principle of res ipsa loquitur is not applicable, and the plaintiff cannot make a prima facie case without proof of the acts of negligence alleged, and that such negligence was the proximate cause of the accident. * * *

"The rule of res ipsa loquitur has no application, where the thing causing the accident was not under the exclusive management of the master, but was partially under that of the injured party. * * *

"Again, where the evidence shows that the accident may have happened as the result of one of two or more causes, and it is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the rule of res ipsa loquitur does not apply." Davis v. Castile, 257 S. W. 870, 872.

■ The appellants did express some doubt in their petition as to the exact cause of the excessive charge of electricity which killed Brigman. They attributed it either to defective wiring or defect in the transformer or fuse blocks. There is no evidence showing that it resulted from the last two causes, and, while one witness testified that he had examined the wiring in the building more than two years after the accident occurred and found that it was not properly wired, this testimony is wholly incompetent for any purpose. It was not shown that the defendants had wired the building for Brigman, or that they were under any obligation to have the building inspected or repaired for him. He knew that the extension cord which he was handling at the time of his death had some of the insulating material worn off, for he had been "stung" or shocked several times in using it. The fact that he did not report these occurrences to the defendants is some evidence tending to show that they were under no duty to provide him with a safe appliance. So far as the testimony shows, he might not have been killed but for the fact that his clothing was soaked with perspiration and that the extension cord came in contact with his body while he was lying on his back on the floor of the garage.

In the Davis Case, supra, Judge German quotes from a Wisconsin case (Klein v. Beeten, 169 Wis. 385, 172 N. W. 736, 5 A. L. R. 1237) language applicable here, as follows: "The jury could have done no more than guess as to whether the accident was the result of careless and negligent operation of the car or of the blowout. Verdicts cannot rest upon guess or conjecture. It is the duty of the plaintiff to prove negligence affirmatively; and, while the inferences allowed by the rule or doctrine of res ipsa loquitur constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails, and cannot be invoked."

So if Brigman, with knowledge of the defective condition of the extension cord, used it under the circumstances stated, he was guilty of such a degree of contributory negligence as would defeat appellants' recovery. The evidence fails to show who furnished the current and paid the bill therefor, which was used in the building. So far as the record shows, Brigman may have wired that part of the building in which he worked or had it done under his own direction.

The federal courts hold that the doctrine res ipsa loquitur has no application to suits for damages between master and servant, and the Texas courts hold that only in special cases is the rule applicable in Texas. Lone Star Brewing Co. v. Willie, 52 Tex. Civ. App. 550, 114 S. W. 186, 187; Gulf Pipe Line Co. v. Brymer, 59 Tex. Civ. App. 40, 124 S. W. 1007; Cassady v. M., K. & T. Ry. Co., 108 Tex. 61, 184 S. W. 180.

Under these propositions the appellants state that the "proof showed that the deceased was working for the defendants Holt and Bowers," and that Brigman lost his life "by an excessive and deadly current of electricity." Appellants do not quote from the testimony of any witness, and these statements are simply appellants' version of the testimony and violate the fundamental rule of briefing.

The fifth proposition complains of the action of the court in not permitting the witness Trout to answer the question whether the wiring had been repaired after Brigman's death. The bill of exception upon which this proposition is based does not show what the witness' answer would have been, and this is

true of the bills of exception upon which the seventh and eighth propositions are predicated. It is the established rule by a multitude of cases that a bill of exception to the exclusion of testimony which does not inform this court what the answer of the witness would have been to the question is insufficient, and the propositions will not be considered.

We think the testimony was immaterial in any event, because it was not shown that Brigman's death was caused by defective wiring, or that defendants were responsible for the defective condition of the wiring, if any, or that defendants owed Brigman any duty to keep the wiring in the building in repair.

Mrs. Brigman was offered as a witness upon the issue of the relation existing between her husband and the defendants, and appellants offered to prove by her that Brigman had told her he was working for the defendants. This testimony was properly excluded.

The ninth proposition complains of the court's action in sustaining objections to the testimony of an electrician offered as an expert to show what amount of electricity would be necessary to electrocute a person in good health and what amount was used in electrocuting criminals. There is no merit in this proposition for several reasons. It is not clear that the witness qualified as an expert, but, if we admit that he did, the proposition itself is a mere abstraction and not entitled to consideration. Waiving this defect, however, the proposition is also multifarious. Further, the voltage used by the state of Texas in executing criminals at Huntsville was immaterial and irrelevant, especially in the light of the facts shown by this record. The hypothetical question put to the witness was insufficient. The court's action may be justified upon the general ground that no negligence had been shown upon the part of the defendants, and there was no testimony connecting any alleged negligence of the defendants with the death of Brigman or tending to show that it was the proximate cause of his death. The witness testified that he did not know the minimum strength of an electric current required to kill a man and only knew what amount of current had killed certain persons at certain times. This proposition does not show error.

Believing that the court did not err in directing a verdict, the judgment is affirmed.